UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JACQUELINE VALDES,**

     **Plaintiff,**

v.               **Case No: 6:21-cv-1438-RBD-EJK**

**LVNV FUNDING LLC,**

     **Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Defendant's Motion for Attorney's Fees ("the Motion"), filed April 14, 2023. (Doc. 48.) Plaintiff Jacqueline Valdes responded in opposition on April 28, 2023. (Doc. 49.) Defendant filed a Reply Brief in support of the Motion on May 12, 2023. (Doc. 52.) Upon consideration, I respectfully recommend that the Motion be granted in part.[1]

**I. BACKGROUND**

On August 31, 2021, Plaintiff sued Defendant under the Fair Debt Collection Practices Act ("FDCPA"), alleging Defendant violated 15 U.S.C. § 1692e. (Doc. 1 ¶ 21.) At the time the Complaint was filed, Plaintiff was represented by Daniel M. Brennan, Esq., of Credit Repair Lawyers of America ("CRLA"). On November 8,

---

[1] On July 19, 2023, the undersigned directed the parties to file a notice stating whether they requested a hearing on this matter. (Doc. 55.) Plaintiff did not request a hearing, and the undersigned determined that a hearing was not necessary as to Defendant (Doc. 56) because this Report and Recommendation recommends finding in Defendant's favor.

2021, Defendant filed its Answer. (Doc. 12.) Thereafter, both parties moved for summary judgment. (Docs. 28, 29.) On September 15, 2022, Attorney Mahira Khan appeared in this case on behalf of Plaintiff. (Doc. 30.) The Court subsequently permitted Attorney Brennan to withdraw from his representation of Plaintiff. (Doc. 33.) On September 22, 2022, the parties responded to the motions for summary judgment. (Docs. 34, 35.)

On January 17, 2022, the Court granted Defendant's Motion for Summary Judgment and denied Plaintiff's Motion for Summary Judgment. (Doc. 39.) The Court found there was no genuine dispute of material fact because the sole issue was whether "LVNV violated the FDCPA by putting a 'false' comment on Valdes's credit report" stating that her debt was disputed, and Plaintiff's deposition testimony clearly established that she disputed the amount that she owed on her credit account. (Doc. 39 at 3–4.) The Court determined that Plaintiff submitted a sham declaration in support of her motion for summary judgment; as a result, the Court disregarded the declaration and concluded that there was no additional evidence to support Plaintiff's claim. (*Id.*) Accordingly, the Court entered judgment in favor of Defendant and against Plaintiff on January 18, 2023. (Doc. 41.)

On April 14, 2023, Defendant filed its Motion for Attorney's Fees and Costs.[2] (Doc. 48.) Defendant asserts that the Court should award Defendant its attorney's fees and costs pursuant to 15 U.S.C. § 1692k, 28 U.S.C. § 1927, and the Court's inherent authority to sanction improper conduct. (*Id.* at 1.) On April 28, 2023, Plaintiff responded to the Motion, arguing that she filed this action in good faith and did not unreasonably or vexatiously multiply the proceedings. (Doc. 49.) On May 12, 2023, Defendant filed a reply brief further arguing that bad faith and harassment were present in this litigation and that the Court has the inherent authority to grant Defendant fees and costs. (Doc. 52.)

II. DISCUSSION

   A. 15 U.S.C. § 1692k

Defendant's initial argument is that the Court should direct Plaintiff to pay Defendant's attorney's fees pursuant to 15 U.S.C. § 1692k. (Doc. 48 at 7–9.) Section 1692k provides that, "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3). The burden is placed on the prevailing defendant to demonstrate bad faith and harassment. *Williams v. Internal Credit Sys., Inc.*, No. 8:19-cv-1872-T-

---

[2] In the Motion, Defendant references *Venitra Dukes v. LVNV Funding, LLC*, No. 6:21-cv-01342-GAP-GJK (M.D. Fla. Feb. 27, 2023). In this similar case, another judge of this Court adopted a report and recommendation in which Defendant's identical motion for attorney's fees and costs was granted. Given the similar nature of *Dukes* and the instant case, the undersigned will rely on the *Dukes* analysis where appropriate.

30AEP, 2021 WL 9772145, at *4 (M.D. Fla. Apr. 9, 2021). Typically, bad faith and harassment exist when "plaintiff's knowledge that a claim was meritless was proven by plaintiff's own contradictory testimony or other evidence." *Valenzula v. Medicredit, Inc.*, No. 6:20-cv-124-RBD-GJK, 2021 WL 2403938, at *2 (M.D. Fla. Mar. 29, 2021).

In the instant Motion, Defendant argues that Plaintiff's knowing misrepresentations amount to bad faith and harassment, warranting the award of attorney's fees against her under § 1692k. (Doc. 48 at 10–13.) Plaintiff asserts that she brought this action "because Defendant refused to remove the dispute remark upon her request and prevented Plaintiff from being able to obtain a mortgage." (Doc. 49 at 5.) Yet, in reply, Defendant states that "bringing an FDCPA claim premised on an acknowledged lie satisfies *both* the bad faith *and* harassment elements." (Doc. 52 at 2.)

In the Order granting summary judgment for Defendant and against Plaintiff, the Court noted that "in deposition, Valdes acknowledged that the first letters she sent to the credit bureaus asserting that the debt was invalid were false because she accepts that the account is hers." (Doc. 39 at 2.) Given the inconsistencies between Plaintiff's testimony and her declaration, the Court ultimately disregarded her declaration as a sham. (*Id.* at 4.)

As the court found in the *Dukes* case, "[e]ven if Plaintiff demonstrated a deliberate indifference to obvious facts or knowingly or recklessly pursued a frivolous claim, Defendant fails to show that Plaintiff did so with the purpose to harass Defendant." *Venitra Dukes v. LVNV Funding, LLC*, No. 6:21-cv-01342-GAP-GJK, 2023 WL 2574760, at *4 (M.D. Fla. Feb. 27, 2023) *report and recommendation adopted*, 2023

WL 2571052 (M.D. Fla. May 19, 2023) (citing *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 597 F. Supp. 2d 1299, 1309 (S.D. Fla. 2008) ("[T]here must be evidence that Plaintiff both knew that his/her claim was meritless and pursued it with the purpose of harassing the defendant. Here, Defendant has not demonstrated that Plaintiff herself brought [this] action in bad faith to harass.")

The same finding is appropriate here. Defendant's bare assertion that Plaintiff, as a real estate agent, knowingly filed this lawsuit in the hope that it would harass LVNV into altering or deleting its accurate tradeline from her credit report, without more, is insufficient to meet Defendant's burden. (Doc. 48 at 9.) Accordingly, the undersigned recommends that the Court deny Defendant's Motion for Attorney's Fees pursuant to 15 U.S.C. § 1692k.

### B. 28 U.S.C. § 1927 and the Court's Inherent Authority

In the alternative, Defendant argues that, under 28 U.S.C. § 1927 and the Court's inherent authority, it should order CRLA to pay Defendant's attorney's fees, as the firm knowingly misrepresented and defended Plaintiff's frivolous claim. (Doc. 48 at 10–16.) Under Section 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." "[A]n attorney multiplies the proceedings unreasonably and vexatiously . . . only when his conduct is so egregious that it is 'tantamount to bad faith.'" *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (citations omitted). Objective reckless conduct is sufficient to warrant sanctions;

however, negligent conduct alone is insufficient to support a finding of bad faith under Section 1927. *Id.* at 1241–42. "[T]he attorney must *knowingly or recklessly* pursue a frivolous claim or needly obstruct the litigation of a non-frivolous claim." *Id.* at 1242 (emphasis in original) (citations omitted). Moreover, "[t]he Court also has 'authority to issue a sanctions order under its inherent powers,' but this authority is no broader than the Court's 'authority to issue sanctions for attorney misconduct under § 1927.'" *Dukes,* 2023 WL 2574760, at *4 (M.D. Fla. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2571052 (M.D. Fla. May 19, 2023) (citations omitted).

Defendant argues that CRLA acted in bad faith throughout the duration of this litigation. (*See* Doc. 48 at 10–15.) At the inception of this case, "CRLA drafted and filed the Complaint, which falsely alleged that Plaintiff 'no longer disputes' the debt and that LVNV violated the FDCPA by 'falsely' reporting the debt as disputed." (*Id.* at 11.) Defendant asserts that the reckless and egregious behavior began there, given that a reasonable attorney would not file such a complaint without verifying the alleged conduct. (*Id.*) Moreover, according to Defendant, CRLA eventually *did* learn that Plaintiff disputed her debt at the August 1, 2022 deposition. (*Id.* at 12.) At that point, "any reasonable attorney would have withdrawn the case . . . instead of doing this, CRLA *continued to facilitate Plaintiff's lies*, filing a sworn declaration in which Plaintiff falsely claims she 'no longer disputes' the debt, despite her recent testimony to the contrary." (*Id.*)

CRLA's "continued pursuit of [Plaintiff's] claim following her deposition was objectively reckless because counsel's conduct was beyond mere negligence and

unreasonably and vexatiously multiplied the proceedings." *Dukes,* 2023 WL 2574760, at *5 (M.D. Fla. Feb. 27, 2023), *report and recommendation adopted*, 2023 WL 2571052 (M.D. Fla. May 19, 2023) (citing *Tucker v. CBE Grp., Inc.*, 710 F. Supp. 2d 1301, 1306–08 (M.D. Fla. 2010) (finding that plaintiff and their counsel unreasonably and vexatiously multiplied proceedings with deliberate indifference after it became clear in discovery that plaintiff's claims had no factual basis.)) As in *Dukes*, the undersigned recommends finding that CRLA's conduct was vexatious and unreasonable, resulting in unnecessary proceedings.

### III.  RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that Defendant's Motion for Attorney's Fees (Doc. 48) be **GRANTED in part and DENIED in part**: Pursuant to 28 U.S.C. § 1927 and the Court's inherent authority, Defendant should be awarded its reasonable fees against CRLA for the services provided in defense of the case from the time of Plaintiff's August deposition through the January 17, 2023 Order on Plaintiff's Motion for Summary Judgment, and also for the time incurred in preparing its Motion for Attorney's Fees. (Doc. 48.)

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 28, 2023.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE