UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JACQUELINE VALDES,

    Plaintiff,

v.                                                    Case No. 6:21-cv-1438-RBD-EJK

LVNV FUNDING LLC,

    Defendant.
_____

## ORDER

Before the Court are Defendant's Motion for Attorney's Fees (Doc. 48 ("Motion")), U.S. Magistrate Judge Embry J. Kidd's Report and Recommendation (Doc. 57 ("R&R")), and Plaintiff's Objection to the R&R (Doc. 58 ("Objection")). On de novo review, the R&R is due to be adopted.

## BACKGROUND

In this Fair Debt Collection Practices Act case, after the Court granted summary judgment in favor of Defendant (Doc. 39), Defendant moved for attorney's fees. (Doc. 48.) Plaintiff responded. (Doc. 49.) On referral, Judge Kidd recommended that the Court should grant in part and deny in part Defendant's Motion, stating that attorney's fees were warranted under the Court's inherent authority and under 28 U.S.C. § 1927 but not under 15 U.S.C. § 1692k. (Doc. 57, pp. 3–7.) Plaintiff objected to the § 1927 portion of the R&R on the ground that

Plaintiff's counsel did not unreasonably or vexatiously multiply the proceedings. (Doc. 58, pp. 2–5.) Defendant responded in support of the R&R. (Doc. 59.) The matter is ripe.

## STANDARDS

When a party objects to a magistrate judge's findings, the district judge must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district judge must consider the record independent of the magistrate judge's report. *See Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## ANALYSIS

After an independent de novo review of the record, the Court agrees with Judge Kidd's R&R. Plaintiff's Objection argues that Plaintiff's counsel did not reasonably or vexatiously multiply the proceedings.[1] (Doc. 58, pp. 2–5.) Plaintiff also points to *Sanchez v. LVNV Funding, LLC*, No. 1:21-cv-4815, 2023 WL 4401621, at *8 (N.D. Ga. May 30, 2023), for the proposition that believing the amount of debt

---

[1] This argument is a duplicate of Plaintiff's argument in her Motion for Reconsideration (Doc. 44), which the Court denied, finding that Plaintiff "made crystal clear that she does in fact dispute, at the very least, the *amount* she owes—and [her deposition] made clear that to this day, she continues not to agree whether she owes the debt at all." (Doc. 47, pp. 3–4.)

2

to be incorrect is not the same as actively disputing the debt. (Doc. 58, pp. 4–5.) But these arguments are unpersuasive.

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "[A]n attorney multiplies proceedings unreasonably and vexatiously . . . only when the attorney's conduct is so egregious that it is tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007) (cleaned up). "A determination of bad faith is warranted where an attorney knowingly or recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003).

Here, Plaintiff's deposition couched many of her answers in "I don't recall" statements, refused to say whether she would pay the debt or whether the reported balance was correct, and characterized the debt as something she "may or may not have owed." (*See* Doc. 29-2, pp. 56:24–61:1, 65:19–21, 36:20–25.) Given this clear dispute of the debt, counsel's pursuit of Plaintiff's claim after her deposition was objectively reckless because they well should have known they had no claim—so counsel's conduct went beyond mere negligence. *See Tucker v. CBE Grp.*, 710 F. Supp. 2d 1301, 1306–08 (M.D. Fla. 2010) (finding that plaintiff and

his counsel unreasonably and vexatiously multiplied proceedings with deliberate indifference after it became clear in discovery that plaintiff's claims had no factual basis). Plaintiff's reliance on *Sanchez*—an unadopted R&R on a different procedural posture—does not change this conclusion. (Doc. 58, pp. 4–5.) The *Sanchez* defendant was not aware of the plaintiff's testimony disputing the amount of debt, *Sanchez*, 2023 WL 4401621, at *7, whereas here, Defendant was aware that Plaintiff was disputing the debt and its amount. (*See* Doc. 29-2, p. 17.) And while *Sanchez* does question whether disputing the amount of the debt is the same as disputing the debt itself, *Sanchez*, 2023 WL 4401621, at *8, other courts on all fours have persuasively and logically concluded that "[w]hen plaintiffs said the amount reported is not accurate, they called into question the amount [the debt collector] claimed they owned—in other words, they disputed the debt. There is simply no other way to interpret this language." *Evans v. Portfolio Recovery Assocs., LLC*, 889 F.3d 337, 346 (7th Cir. 2018) (cleaned up), *abrogated on other grounds by Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1152 (7th Cir. 2022).

So the R&R is due to be adopted over Plaintiff's objection on the § 1927 grounds and in the absence of objection on the § 1692k grounds.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 58) is **OVERRULED**.

2. The R&R (Doc. 57) is **ADOPTED AND CONFIRMED** and made a part of this Order in its entirety.

3. The Motion (Doc. 48) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** in that Defendant is **ENTITLED** to attorney's fees from Credit Repair Lawyers of America under the Court's inherent authority and 28 U.S.C. § 1927 for the time period specified in the R&R.

    b. The Motion is **DENIED** in that Defendant is not entitled to attorney's fees under 15 U.S.C. § 1692k.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 2, 2023.



ROY B. DALTON, JR.
United States District Judge